# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| RALPH CARUSONE, | : | Case No. 1:16-cv-742 |
| | : | |
| Petitioner, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Stephanie K. Bowman |
| vs. | : | |
| | : | |
| WARDEN, NORTH CENTRAL | : | |
| CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

## DECISION AND ENTRY
## ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 13) AND
## TERMINATING THIS CASE IN THIS COURT

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on August 2, 2018, submitted a Report and Recommendation. (Doc. 13). Petitioner filed timely objections on September 28, 2018. (Doc. 16).

After reviewing the Report and Recommendation, Petitioner's objections, and the case record, the Court finds that Petitioner's objections are not well-taken.

Petitioner argues that the Report and Recommendation erroneously concludes that the Ohio Court of Appeals applied the correct *Brady* materiality standard. Petitioner contends that that the Ohio Court of Appeals improperly applied the "sufficiency of evidence" test instead of the appropriate "reasonable probability" standard. *See Kyles v. Whitley*, 514 U.S. 419, 435 & n.8 (1995) (finding that the *Brady* materiality standard

turns on whether the withheld evidence could reasonably "put the whole case in such a different light as to undermine confidence in the verdict" and is not a "sufficiency of evidence" test."). However, as the Magistrate Judge notes, the opinion of the Ohio Court of Appeals made clear that it was applying the proper "reasonable probability" standard. (Doc. 13 at 13). The Report and Recommendation correctly found that the Ohio Court of Appeals applied the "reasonable probability" standard in concluding that the Petitioner failed to establish a *Brady* violation because the undisclosed evidence "could not have been 'material' in the sense that it might reasonably be said to undermine confidence in the jury's verdict finding him guilty of felony murder." (Doc. 9 at PAGEID # 597). Accordingly, the Court finds no error in the Magistrate Judge's conclusion that Petitioner is not entitled to habeas corpus relief on his sole claim for relief, alleging a *Brady* violation.

Next, the Magistrate Judge recommends that a certificate of appealability should issue with respect to Petitioner's sole claim for relief. (Doc. 13 at 15). The Court agrees. However, the Petitioner requests that the Court issue a second certificate of appealability as to whether he rebutted the correctness of the factual issues determined by the state court. (*See* Doc. 16 at 9–11). Petitioner argues that the Report and Recommendation erred in adopting the facts determined by the Ohio Court of Appeals. Petitioner seems to be asserting a new claim for relief in now arguing that the Ohio Court of Appeals' decision was "based on an unreasonable determination of the facts in light of the evidence presented to the state courts." *See Slagle v. Bagley,* 457 F.3d 501, 513 (6th Cir.2006)(citing 28 U.S.C. § 2254(d)). This objection is not well-taken. The Court

agrees with the Report and Recommendation that the state court's adjudication of Petitioner's *Brady* claim is "based on a reasonable determination of the facts in light of the record evidence." (Doc. 13 at 15). Accordingly, the Court finds that a second certificate of appealability is inappropriate.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that the Report and Recommendation (Doc. 13) should be and is hereby **ADOPTED** in its entirety.

Accordingly, for the reasons stated above:

1) The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED with prejudice**.

2) A certificate of appealability shall issue with respect to Petitioner's sole claim for relief, that the Ohio Court of Appeals erred when it found that undisclosed and newly discovered evidence was not material to the jury's verdict finding that petitioner "had caused [the victim's] death as the proximate result of either knowingly causing or attempting to cause him serious physical harm or knowingly causing or attempting to cause him physical harm by means of a deadly weapon." (*Id.* at PAGEID # 18). Under the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000), "jurists of reason" could "find it debatable whether this Court is correct in its procedural ruling" and whether the otherwise barred ground for relief states a "viable claim of the denial of a constitutional right" or is "adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3) With respect to any application by Petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would be taken in "good faith," and therefore Petitioner is **GRANTED** leave to appeal *in forma pauperis* upon showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

4) The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date:    10/23/18

*Timothy S. Black*
Timothy S. Black
United States District Judge